IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | | |
|---|---|---|
| SUZETTE R. BURK, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| NANCY A. BERRYHILL, Deputy | * | No. 1:17cv00111-JJV |
| Commissioner for Operations, performing the | * | |
| duties and functions not reserved to the | * | |
| Commissioner of Social Security, | * | |
| | * | |
| Defendant. | | |

**MEMORANDUM AND ORDER**

Suzette Burk has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits. The Administrative Law Judge (ALJ) concluded she had not been under a disability within the meaning of the Social Security Act, because she could perform some of her past relevant work. (Tr. 13-23.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff was fifty-three years old at the time of the administrative hearing. (Tr. 35.) She is a high school graduate and attended college. (Tr. 36.) She has past relevant work as a pharmacy technician and administrative clerk. (Tr. 22.)

The ALJ[1] found Ms. Burk had not engaged in substantial gainful activity since December 26, 2014 - the alleged onset date. (Tr. 15.) She has a "severe" impairment in the form of degenerative disc disease of the lumbar and cervical spine, fibromyalgia, osteoarthritis, and obstructive sleep apnea. (Tr. 16.) The ALJ further found Ms. Burk did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 17.)

The ALJ determined Ms. Burk had the residual functional capacity to perform a reduced range of light work. (*Id.*) He utilized the services of a vocational expert to determine the physical and mental demands of Plaintiff's past relevant work. (Tr. 61-65.) Given the testimony of the

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

vocational expert, the ALJ determined Ms. Burk could perform her past relevant work. (Tr. 22.) Accordingly, the ALJ determined Ms. Burk was not disabled. (Tr. 23.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-3.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Ms. Burk argues the ALJ incorrectly determined her migraine headaches were not "severe." (Doc. No. 11 at 7-10.) The ALJ analyzed Ms. Burk's migraines, and concluded:

> The undersigned finds that the claimant's migraines are non-severe. The claimant reported at treatment appointments in November of 2015 and April of 2016 that she was doing well on Topamax. At the April of 2016 appointment, the claimant reported that she was having headaches only three to four times a month. Moreover, there is no evidence the claimant has hospitalized due to her migraines. Finally, the claimant had a normal MRI of her brain in March 2015. In sum, the undersigned finds the claimant's migraines are non-severe.

(Tr. 16.)

A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. § 416.920(c) (2007). It has "more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*, 870 F.2d at 1396; *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

> (a) *Non-severe impairment(s).* An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
> (b) *Basic work activities.* When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include--
> (1) Physical functions such as walking, standing, sitting, lifting, pushing,

      pulling, reaching, carrying or handling;
          (2) Capacities for seeing, hearing, and speaking;
          (3) Understanding, carrying out, and remembering simple instructions;
          (4) Use of judgment;
          (5) Responding appropriately to supervision, co-workers and usual work situations; and
          (6) Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521 and 416.921 (2007).

      Plaintiff is clearly limited from a combination of impairments and I find this case to be a close-call. However, based on the overall record in this case, the ALJ could rightly conclude that Plaintiff's migraines do not significantly limit her ability to perform work related activities. As the ALJ determined, the record reveals Plaintiff's headaches responded well to medication. For more than a year, her doctors worked to establish a regimen of Topamax and Imitrex that appears to have been effective. (Tr. 1014, 1020, 1028, 1029, 1086, 1089.) Plaintiff's diagnostic test showed no irregularity. (Tr. 956.) And Jerry Thomas, M.D., and William Harrison, M.D., evaluated Plaintiff's medical records and did not find her migraines were a "severe" impairment. (Tr. 73-76, 91-95.)

      Although I note Plaintiff still reported "3-4" headaches per month, (Tr. 1086), the medical records do not support an allegation that these monthly headaches significantly limited her ability to perform work activities. Therefore, I find no reversible error on this point.

      I am sympathetic to Ms. Burk's claims. As usual, Plaintiff's counsel has done an admirable job advocating for Ms. Burk's rights in this case, but I am unable to find reversible fault in the ALJ's opinion. The ALJ carefully considered the record and made a supported determination that Plaintiff was capable of performing her past work. In coming to this conclusion, the ALJ considered the medical records and the opinions from medical professionals. And in his opinion, the ALJ fairly set out the rationale for his conclusions.

Plaintiff has advanced other arguments I have considered and find are without merit. It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final determination of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 24th day of May, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

5